# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10143

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2019

Lyle W. Cayce
Clerk

ELIAS RANGEL,

Plaintiff-Appellant

v.

LUBBOCK COUNTY DETENTION CENTER; RAE BROCKMAN, Programs Lubbock County Detention Center; LUBBOCK COUNTY DETENTION CENTER MEDICAL DEPARTMENT; LUBBOCK COUNTY DETENTION CENTER INTAKE; I.A. JUDGE MELISSA JO MCNAMARA; LAUREN NLN, Lubbock County Detention Center/Programs Counselor ,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-135

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Elias Rangel, Lubbock County, Texas, prisoner # 96210, filed a pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 action against the Lubbock County Detention Center (LCDC), several LCDC employees, and Judge Melissa McNamara.  The district court dismissed the complaint pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10143

§§ 1915(e)(2)(B) and 1915A(b) because it failed to present a cognizable claim. Rangel's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP motion, Rangel repeats his assertion that he was not booked into the LCDC or arraigned in a timely manner. He also argues that Rae Brockman and the LCDC medical staff violated his rights by placing him on a waiting list for drug treatment and not resolving his complaints about it to his satisfaction. All claims, other than the two specified, are considered abandoned because Rangel's failure to identify any error in the district court's analysis constitutes a failure to brief. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

With respect to the remaining claims, Rangel has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We also deny Rangel's motion for the appointment of counsel.

The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the civil action. *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Rangel has accrued two strikes, and he is hereby warned that if accumulates three strikes under § 1915(g) he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.